**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-00264-RJC-DSC**

| | |
|---|---|
| JOHN R. BONNER, JR.,           )<br>                                )<br>    Plaintiff,                 )<br>                                )<br>    v.                          )          **ORDER**<br>                                )<br>NEIGHBORHOOD ASSISTANCE         )<br>CORPORATION OF AMERICA, et al., )<br>                                )<br>    Defendants.                 )<br>_____)| |

**THIS MATTER** comes before the Court <u>sua sponte</u>. Pro Se Plaintiff John R. Bonner, Jr. ("Plaintiff") filed his complaint with this Court on May 25, 2016. (Doc. No. 1). On July 18, 2016, the Court issued a Notice Pursuant to Local Rule 16.1 instructing the parties to conduct an Initial Attorney's Conference ("IAC") and file a Certification of Initiation Attorney's Conference ("CIAC") by no later than August 8, 2016. Some eight months later, the parties still have not filed a CIAC.

Local Rule 16.1(A) requires that "[a]s soon as is practicable, and in any event not later than fourteen (14) days from joinder of the issues (as defined in Section (D) below), the parties or their counsel shall confer as provided by Fed. R. Civ. P. 26(f), and conduct an 'Initial Attorney's Conference' ('IAC')." <u>See also</u> FED. R. CIV. P. 16(b), 26(f). Section (D) of Local Rule 16.1 defines "joinder of the issues" to include when "the final answer to a complaint" has been filed, "or the time for doing so has expired." Defendants filed their Answer on July 15, 2016, (Doc. No. 6), and did not seek to amend that Answer.

The parties filed four motions for extension of time, three of which were granted. (Doc. Nos. 7, 8, 9, 10, 12, 13 14). The fourth and most recent motion for extension of time, was filed

on October 6, 2016, almost two months after the initial CIAC deadline. (Doc. No. 14). On October 13, 2016, Magistrate Judge Cayer denied the fourth motion for extension of time. (Doc. No. 15). On January 26, 2017, this Court issued an order directing Plaintiff to provide the Court with a CIAC within 14 days or the action would be dismissed for lack of prosecution. (Doc. No. 16). Yet, over two months after the CIAC was due under the most recent order and over eight months after the CIAC was due originally, no CIAC has been filed.

> Federal Rule of Civil Procedure 41(b) provides as follows:
>
> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

It is Plaintiff's burden to move this case forward, and Plaintiff has failed to do so. The Court acknowledges Plaintiff's pro se status and his apparent desire to obtain counsel, but also notes that Plaintiff has been given more than ample opportunity to complete a simple a procedural task to move the case forward (and to retain counsel) and has repeatedly failed to do so.

**IT IS, THEREFORE, ORDERED** that all of Plaintiff's claims against Defendants are **DISMISSED**. The Clerk is directed to close this case.

Signed: April 12, 2017

Robert J. Conrad, Jr.
United States District Judge